**Lovell SMITH, # 80807, Petitioner,**

v.

**The STATE OF OKLAHOMA et al., Respondents.**

**No. CIV–75–0922–D.**

United States District Court, W. D. Oklahoma.

Feb. 10, 1976.

Lovell Smith, pro se.

Larry Derryberry, Atty. Gen., by Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, District Judge.

This cause is before the court on the Petition of Lovell Smith for a writ of habeas corpus. The petitioner is serving a 75-year sentence in the Oklahoma State Penitentiary at McAlester, Oklahoma, for the crime of Assault and Battery With Deadly Weapon With Intent to Kill After Former Conviction of a Felony imposed by the District Court of Oklahoma County, Oklahoma, in case No. CRF–70–931 after the petitioner had been found guilty by a jury. The respondents have filed their answer by and through the Attorney General of the State of Oklahoma and submitted to this court the original record in said case including petitioner's trial transcript together with the proceedings on petitioner's application for post conviction relief.

The petitioner contends that he is unlawfully detained because his constitutional rights were violated as follows:

"Proposition # 1. Use of perjured testimony by a prosecutor to procure conviction constitutes deprivation of due process."

"Proposition # 2. (a) Sixth Amendment right of accused to confront witness against him is fundamental right made obligatory on states by due process clause of 14th amendment and the same strict standards which protect right of confrontation against federal encroachment pertains to states

(b) Integral part of right to confront witness against defendant is right of defense attorney to cross-examine."

Following petitioner's conviction and the imposition of sentence on July 1, 1970, he perfected a direct appeal to the Oklahoma Court of Criminal Appeals. Therein he contended that the evidence was insufficient to support the verdict of the jury and that the punishment was excessive. Finding his only two contentions to be without merit the Court on February 24, 1971, affirmed the judgment and sentence of the trial court. *Smith v. State*, 481 P.2d 804.

Thereafter, on August 26, 1975, the petitioner filed in the sentencing court an application for post conviction relief in which he presented as his sole proposition the following:

"(A) Sixth Amendment right of accused to confront witness against him is fundamental right made obligatory on states by due process clause of Fourteenth Amendment and the same strict standards which protect right of confrontation against federal encroachment pertains to states.

(B) Integral part of right to confront witness against defendant is right of defense attorney to cross-examine."

On October 1, 1975, the District Court denied the application without an evidentiary hearing. The petitioner then appealed to the Oklahoma Court of Criminal Appeals which again affirmed the trial court on October 17, 1975.

■ The petitioner has exhausted his state remedies on the second proposition presented to this court. He has not exhausted his state remedies on his Proposition # 1 concerning the alleged use of perjured testimony. This issue was neither presented on direct appeal or in the petitioner's prior application for post conviction relief under the Oklahoma Post Conviction Procedure Act. It is essential that a state prisoner afford state courts the opportunity to consider and resolve claims of constitutional infirmity before raising these claims in federal court. 28 U.S.C.A. § 2254 and *Hoggatt v. Page,* 432 F.2d 41 (CA10 1970). This court therefore will not entertain the petitioner's claim concerning the perjured testimony in this proceeding.

■ The petitioner's remaining contention is without merit. The basis for the claim of denial of confrontation and cross-examination arises from testimony *elicited by defense counsel* on cross-examination of the arresting officer:

"CROSS EXAMINATION

*By Mr. Britton*

Q. I am not clear, Officer, as to who directed you into this Rolling Wheel Bar.

A. A reliable informant.

Q. What did he tell you—or he or she?

A. The subject stated that the person who stabbed the cab driver was sitting in there dressed in green—green shirt and green pants.

Q. What day was this?

A. November 25, 1969, 6:15 p. m.

Q. Did this informant tell you upon what he based this statement?

A. From the radiograms put out by the Oklahoma City Police Department.

Q. Whether or not this man you arrested actually did the stabbing?

A. He was a reliable informant and I did not question him as to his information. I have long been associated with him and he has always been correct.

Q. This informant, is he a former police character?

A. I don't believe I have to give that information." (Tr. 26, 27.)

The prosecutor had not asked the witness to testify concerning his conversation with the informant. The responsibility for eliciting the hearsay testimony lies solely with the defense and not with the State. The questions propounded by defense counsel to the officer concerning what the informant told him could only produce hearsay answers. The petitioner cannot complain about testimony elicited by his own attorney. *Ortiz v. United States,* 351 F.2d 933 (CA10 1965). Moreover, the error, if any, would not be of federal constitutional dimensions. It does not automatically follow that because hearsay evidence may have been received that confrontation rights have been denied. *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The evidence may violate the hearsay rule without violating the confrontation clause. *United States v. Arias-Diaz,* 497 F.2d 165 (CA5 1974). Here the conversation with the informant took place two days after the offense had been committed. In the full context it is apparent that the informant knew from police sources whom the police were looking for in connection with the offense and simply advised the officer where he could be found. The statements attributed to the

informant as well as the entire testimony of the officer concerning the circumstances of petitioner's arrest had no real probative value. Petitioner exercised his right to confrontation on the factual question of whether the officer actually heard the informant's statement. The possibility that cross-examination of the informant could conceivably have shown the jury that the statement, though made, might have been unreliable is wholly unreal inasmuch as the officer acting on the tip did find and arrest petitioner where he was supposed to be. The distinction made by the court in *Dutton v. Evans*, 400 U.S. 74, 87, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970) is appropriate here:

> "This case does not involve evidence in any sense 'crucial' or 'devastating,' as did all the cases just discussed. It does not involve the use, or misuse, of a confession made in the coercive atmosphere of official interrogation, as did Douglas, Brookhart, Bruton, and Roberts. It does not involve any suggestion of prosecutorial misconduct or even negligence, as did Pointer, Douglas, and Barber. It does not involve the use by the prosecution of a paper transcript, as did Pointer, Brookhart, and Barber. It does not involve a joint trial, as did Bruton and Roberts. And it certainly does not involve the wholesale denial of a cross-examination, as did Brookhart."

Finally, the petitioner was not entitled to obtain the identity of the informer. It would appear that the person was merely a tipster and not an "informer" within the definition set forth in *United States v. Miller*, 499 F.2d 736, 742 (CA10 1974):

> "To be an informer the individual supplying the information generally is either paid for his services or, having been a participant in the unlawful transaction, is granted immunity in exchange for his testimony."

In this case, the person neither witnessed nor participated in the crime and it is clear that his identity was not material to the defense. Under these circumstances the disclosure was not required. *Scher v. United States*, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151 (1938); *McLawhorn v. State of North Carolina*, 484 F.2d 1 (CA4 1973); *United States v. Mendoza*, 433 F.2d 891 (CA5 1970), cert. denied, 401 U.S. 943, 91 S.Ct. 953, 28 L.Ed.2d 225 (1971); *Miller v. United States*, 273 F.2d 279 (CA5 1960), cert. denied, 362 U.S. 928, 80 S.Ct. 756, 4 L.Ed.2d 747 (1960); *Sorrentino v. United States*, 163 F.2d 627 (CA9 1947).

Accordingly for the reasons stated the Petition for Writ of Habeas Corpus will be dismissed.

IT IS SO ORDERED.