Gary Wayne BAKER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–880.

Court of Criminal Appeals of Oklahoma.

Oct. 31, 1978.

Rehearing Denied April 23, 1979.

Charles W. Stubbs, Oklahoma City, and Gary Wayne Baker, pro se, for appellant.

Larry Derryberry, Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Gary Wayne Baker, hereinafter referred to as defendant, brings this appeal from a conviction, following a jury trial in the Oklahoma County District Court, and sentence of from ten (10) years to life imprisonment for Murder in the Second Degree in the death of Raymond Davidson, a railway employee, on August 5, 1975. Defendant and co-defendant Bennie Lott were conjointly charged, but the case was severed for trial. The State proved at trial that when defendant and Bennie Lott ran out of gas they sought aid from Davidson, who was repairing a railway signal light. When Davidson refused them assistance, he was hit in the head with a hammer and shot.

The first assignment of error is that defendant's motion to quash the information should have been sustained, as the evidence presented at the preliminary hearing was insufficient to justify ordering defendant held for trial. Defendant also complains that hearsay evidence of the confession of accomplice Lott was admitted at the preliminary hearing. We note, however, that defendant at no time objected to the admission of the testimony, so any possible error was waived. But even without that testimony, there was sufficient evidence presented to justify holding the defendant for trial.

When Davidson's body was discovered at 6:30 a. m., there was an abandoned car at the scene and Davidson's railway truck was missing. Lott and defendant had been seen driving the abandoned car between 2:00 and 3:00 a. m. The railway truck was found six blocks from the home

of defendant's nephew, where defendant and Lott changed clothes at 4:30 a. m. and borrowed a car. During the autopsy, a pathologist removed a .25 caliber bullet from Davidson's body. When Lott was arrested there was a .25 caliber automatic pistol on the front floorboard on the passenger side of the car. Upon defendant's arrest, he was carrying a box of .25 caliber ammunition in his pocket. It is well settled that the State is not required at preliminary hearing to produce more evidence than that required to show an offense was committed and that there are reasonable grounds to believe the defendant committed the offense; *State v. Edmondson,* Okl.Cr., 536 P.2d 386 (1975). After reviewing the evidence of the preliminary hearing, we find there was sufficient probable cause to bind the defendant over for trial. Therefore, defendant's first assignment of error is without merit.

■ The second assignment of error is that defendant was denied his right to a speedy trial. In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court suggested a balancing test be used in evaluating speedy trial questions. We have previously discussed *Barker* and the right to a speedy trial generally in *Bauhaus v. State,* Okl.Cr., 532 P.2d 434 (1975), and in reviewing the present record in light of *Barker* and *Bauhaus,* supra, we cannot say that the defendant's right was violated. The time between the filing of the information and the trial was nine months, which is not exceptionally long in a case of this magnitude. Nor do any of the reasons for delay indicate error: The preliminary examination was continued three times at the defendant's request; material witness warrants had to be obtained and served, and almost half the delay was caused when the State obtained a severance and tried Lott first.

In addition, we find no indication of prejudice to the defendant, although he complains that because of the delay, the State was able to pressure Lott into testifying against him. We do not believe that the fact that a delay may have allowed the prosecutor to make a better use of Lott's testimony is the sort of "prejudice" envisioned by the Supreme Court in *Barker.* It is true that the defendant was not released pending trial because he was unable to post bond, and the Supreme Court stated in *Barker* that when a person remains incarcerated, the law makes an on-going demand for trial for him. But when all the factors are weighed against each other, we find defendant was not deprived of his right to a speedy trial. Thus, the second assignment of error is without merit.

Defendant's third assignment of error is that Lott's testimony should not have been admitted because he was an accomplice and there was insufficient corroboration. To the contrary, evidence was presented by the State which—independent of Lott's testimony—connected the defendant to the crime. First, Davidson was shot with a .25 caliber weapon and the defendant was arrested with a box of .25 caliber ammunition. Second, defendant was seen with Lott at 3:00 a. m. in the car which was later discovered at the scene of the crime. Further, the defendant was seen between 2:00 a. m. and 3:00 a. m. carrying Lott's pistol which witness Carron Kay Hendrix saw Lott give to the defendant at her home. This pistol was later proved to be the murder weapon. Defendant was also seen with Lott at about 6:00 a. m., driving a different car. This supported Lott's testimony that they had taken the railway truck because Lott's car was out of gas, and that they had later abandoned the pickup and borrowed a car from defendant's cousin.

■ By the weight of authority, if an accomplice's testimony is corroborated by independent evidence, including circumstantial evidence tending to connect the defendant with the commission of the crime, it is sufficient to be admissible. *Brown v. State,* Okl.Cr., 518 P.2d 898 (1974); *Nation v. State,* Okl.Cr., 478 P.2d 974 (1970). Here, we so find as to Lott's testimony. Therefore, defendant's third assignment of error is without foundation.

■ It is asserted in the fourth assignment of error that the trial court erred in

admitting photographs of the victim taken shortly after death. Defendant claims they were used to inflame the passions of the jury. We observe that defendant has precluded us from considering this issue by his failure to insure that the photographs were included in the record. Without them, we are unable to determine whether their admission was error. *Anderson v. State,* Okl. Cr., 551 P.2d 1155, 1160 (1976).

■ The fifth assignment of error is that the trial court refused defendant's requested instruction on circumstantial evidence. The rule is well-settled that only when the State's case is entirely circumstantial is an instruction on circumstantial evidence mandatory, and, as we held in *Howard v. State,* Okl.Cr., 561 P.2d 125, 134 (1977), where there is sufficient direct evidence of each element of the offense it is not error for the trial court to refuse the defendant's requested instruction on circumstantial evidence.

■ In the present case, the State relied primarily on direct evidence—Lott's testimony—which established the elements of the crime, and only partially on circumstantial evidence. Applying the above rule, we hold the trial court did not err in refusing to give the requested instruction.

■ In his sixth assignment of error, defendant maintains the jury was prejudiced by the prosecutor's remarks which caused the jury to make a finding of guilt based on sympathy. We observe that neither the opening nor the closing arguments are in the transcript, and defendant has not supplemented the record on appeal with any affidavit or other pleadings specifying the prejudicial comments. Compare *Russell v. State,* Okl.Cr., 556 P.2d 1041 (1976). As a result, such assignment of error cannot be considered on appeal. *Curtis v. State,* Okl. Cr., 518 P.2d 1288 (1974).

■ Finally, defendant argues his conviction should be reversed because of an accumulation of errors, none of which justify reversal in themselves. Since we have found no error, there can be no accumulation of error. *Brinlee v. State,* Okl.Cr., 543 P.2d 744 (1976).

■ In addition to the brief submitted by defendant's attorney, defendant filed a pro se brief. The only assignment of error in that brief, not previously disposed of by this opinion, is the allegation that Lott's testimony was perjured. Specifically, defendant alleges that Lott lied about a deal he had made with the prosecutor, and that the prosecutor allowed the lie to go uncorrected. A reading of the transcript reflects, however, that the prosecutor did in fact correct Lott on redirect examination. During cross-examination, the following exchange occurred:

"Q. Now what kind of deal have you made with the District Attorney's Office?

"A. I have not made no deal."

But on redirect, the prosecutor brought out the following:

"Q. (By Mr. Pierce) Now how many times have I gone up and talked to you, please, sir?

"A. Once.

"Q. What did I tell you?

"A. You told me that you would ask for a—recommend a letter to the Governor, or something.

"Q. If you did what?

"A. If I testified."

Since the terms of the deal were put before the jury, we find this assignment of error to be without merit. Compare *Runnels v. State,* Okl.Cr., 562 P.2d 932 (1977).

From an examination of the record, it is our opinion that defendant received a fair and impartial trial and that no substantial right was prejudiced. We therefore hold that the judgment and sentence from which defendant appeals should, and the same is, hereby, *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.