**Gary Owens WEBB, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–530.**

Court of Criminal Appeals of Oklahoma.

June 5, 1980.

Bill Sexton and Ronald A. Callicott, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Jim Wilcoxen, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

■ The appellant was convicted of Robbery With Firearms in the District Court, Comanche County, in Case No. CRF–77–1169. His principal assignment on appeal is that his defense attorney did not represent him effectively; but this Court has exam-

ined the trial transcript and it is our opinion that the appellant was ably represented by his trial counsel. We cannot agree with the appellant's assertion that his attorney was ill-prepared. The attorney vigorously cross-examined the State's witnesses and attempted to impeach their credibility with references to prior statements and preliminary hearing testimony. Defense counsel's questioning was not rambling and confused, as the appellant now asserts. Also contrary to the appellant's claim, the record is not "remarkably free from objections." The appellant's attorney did not hesitate to object when he believed that an objection was necessary. In addition, defense witnesses were presented in an attempt to undercut the State's case, which was very strong. Whether or not the voir dire and opening and closing arguments should be recorded is a question of trial tactics. Certainly, in this case the decision not to have those portions of the trial recorded is not sufficient ground to show ineffective counsel for reversal. See *Baker v. State*, Okl.Cr., 593 P.2d 100 (1979).

■ The appellant cites cases from this State and from the State of Washington which apply the "farce or mockery" test of inadequate counsel; and that is currently the test in this state. See, for instance, ·Padillow v. State, Okl.Cr., 501 P.2d 837 (1972). On the other hand, some jurisdictions are moving to adopt a more demanding test. See, for instance, *Dyer v. Crisp*, 613 F.2d 275 (10th Cir. 1980). Although this Court is presently adhering to the "farce or mockery" test, we are of the opinion that the representation this appellant received at his trial was better than merely competent. Even under a more expansive test, we would hold the appellant's representation adequate.

The only other issue put before this Court is that subsequent to his conviction the appellant cooperated with law enforcement authorities in solving a homicide. This matter is unrelated to the appellant's own case and is not a matter for this Court to consider.

287

The judgment and sentence is *AF-FIRMED*.

CORNISH, P. J., and BUSSEY, J., concur.