Tony Ray MAXVILLE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–676.

Court of Criminal Appeals of Oklahoma.

June 9, 1981.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Tony Ray Maxville was convicted in the District Court, of Tulsa County, of the offense of Assault With a Dangerous Weapon. Punishment was set at three (3) years' imprisonment.

At trial, Tulsa Police Officer Kim Ray Terry testified that early in the morning on Friday October 13, 1978, he was dispatched to investigate a non-injury traffic accident. Upon arrival at the scene, the officer ob-

served the appellant's vehicle in contact with the rear bumper of another vehicle. As the officer approached the vehicle he noticed the appellant with his head and back resting against the door, with his feet propped up on the front seat. Officer Terry then opened the driver's door and the appellant's head fell back against the officer's knees. As the officer reached across to turn off the car's ignition, the appellant placed a revolver against the officer's chest and pulled the trigger twice. Fortunately, the gun, although fully loaded, did not fire, and the officer managed to disarm the appellant.

### I.

The appellant first asserts that the trial court denied him his constitutional and statutory right to appeal by denying him a transcript of the *voir dire*. We find the assertion to be without merit.

██ Admittedly, the appellant is indigent. The United States Supreme Court has consistently held that an indigent defendant is entitled to the "basic tool of an adequate defense or appeal, when those tools are available for a price to other prisoners." *Britt v. North Carolina,* 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400, 403 (1971). No Supreme Court case, however, establishes that the mere request for a transcript imposes the duty to have it prepared. *See United States v. Smith,* 605 F.2d 839 (5th Cir. 1979); *Morgan v. Graham,* 497 P.2d 464 (Okl.Cr.1972). The State must only afford an indigent a record of sufficient completeness to permit "as adequate and effective an appellate review as that given appellants with funds." *Draper v. State of Washington,* 372 U.S. 487, 496, 83 S.Ct. 774, 779, 9 L.Ed.2d 899 (1963).

██ The constitutional duty to supply an indigent with a free transcript arises only where the transcript is "needed to vindicate legal right." *Roberts v. LaVallee,* 389 U.S. 40, 42, 88 S.Ct. 194, 196, 19 L.Ed.2d 41, 43 (1967). The *Britt* court outlined two factors to be used in determining need. Those factors are: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that

would fulfill the same functions as a transcript." *Britt v. North Carolina*, 404 U.S. at 227, 92 S.Ct. at 434, 30 L.Ed.2d at 404.

■ In the present case the trial court's decision not to allow the *voir dire* transcript to be prepared was not based upon the appellant's indigency. The decision was based upon the fact that the transcript would be useless on appeal. The appellant did not raise in his motion for new trial any issue as to errors occurring during *voir dire*. We also note that neither the petition in error nor the amended petition in error contain any assignments concerning errors occurring during *voir dire*.

Any possible errors occurring during *voir dire* were not properly preserved and will not be considered on appeal. *See Turman v. State*, 522 P.2d 247 (Okl.Cr.1974); *Logan v. State*, 493 P.2d 842 (Okl.Cr.1972). Consequently, a transcript of the *voir dire* is unnecessary to the appellant's case.

The appellant is in no different a position than a nonindigent appellant in regard to the issues which could be raised on appeal. We therefore hold that it was not improper for the trial judge to deny the *voir dire* transcript.

## II.

■ The appellant's second assignment of error alleges that the evidence produced at trial was insufficient as a matter of law to support the verdict. Specifically, the appellant contends that the evidence showed that the appellant was too intoxicated to form the specific intent to commit the crime charged. We find this assignment of error also to be without merit.

The "question of intoxication to the point where the accused is unable to form the requisite intent is a question for the jury on proper instructions from the bench." *Miller v. State*, 567 P.2d 105, 109 (Okl.Cr.1977). The instruction given to the jury in the present case was identical with the one given in *Miller*.

■ This Court's only inquiry is whether there was any evidence from which the jury could reasonably conclude that the appellant was guilty as charged. *See Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). We find

not only that some evidence was presented, but that a substantial amount of evidence was presented from which a jury could reasonably find the appellant guilty as charged.

## III.

The appellant contends that numerous irregularities occurred during the trial which prejudiced his rights. We find it necessary to consider only the two errors supported by citation of authority, since none are deemed fundamental error.

■ The first involves a response by the State's witness to a question by defense counsel. During cross-examination of the State's witness the following exchange took place:

"Q. Do you recall ever telling Mr. Maxville that you were going to make a career out of him?

A. I don't recall saying that.

Q. Is it possible that that was part of the banter out there that you can't remember?

A. Not at that time.

Q. At any rate, you seem to remember that you might have said that to him?

A. On a subsequent arrest of the same subject."

■ Police officers during direct or cross-examination should not make voluntary statements concerning the accused's prior arrest, prior crimes or prior charges. *See Mathis v. State*, 553 P.2d 525 (Okl.Cr.1976); *Sandersfield v. State*, 461 P.2d 1019 (Okl.Cr. 1969); and *Kutin v. State*, 430 P.2d 848 (Okl.Cr.1967). Assuming, however, that the statement was error, we cannot find as a matter of law that it was prejudicial since the defense counsel himself invited the statement. *See Norton v. State*, 492 P.2d 359 (Okl.Cr.1971).

■ The second alleged error concerns a remark made by the prosecutor which the appellant contends deprecated the defense counsel in the eyes of the jury. The comment was made on redirect examination of Officer Terry after the defense finished questioning the officer about his report:

"You didn't figure some defense attorney would make a big deal out of it, did you, officer?"

*Mayberry v. State*, 603 P.2d 1150 (Okl.Cr. 1979) is relied on as supporting authority. However, *Mayberry* involves many direct threats and accusations by the prosecutor whereas the present case involves only one oblique remark. We do not condone this remark, but as a matter of law it does not rise to the level of prejudicial error either alone or in conjunction with the other alleged errors. *See Chandler v. State*, 572 P.2d 285 (Okl.Cr.1977).

### IV.

■ As this fourth proposition, the appellant asserts that the prosecutor committed reversible error by impeaching the appellant with his post-arrest silence. The following exchange is the basis for the appellant's contention:

"Q. Did he show you the gun when he left you back there in the caged area of the portion of the police car?

A. When he was coming from the car, he was holding the gun in his hand when he got back in the car.

Q. And did you say, 'Oh, that's my gun.'?

A. I knew it was my gun.

Q. So you didn't bother to say, 'that's my gun, officer I had that for protection.', or anything like that at all?"

■ We find it unnecessary in the present case to define the constitutional limits on the use of silence for impeachment purposes. *See Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980); *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The prosecutor's question now objected to was asked for the purpose of finding out what was said at the time of the incident. It was not asked in order to show why an exculpatory statement was not made. Assuming, however, that the prosecutor committed error, we conclude that the error was harmless beyond a reasonable doubt. *See Chapman v.*

*State of California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). A single question, not objected to at trial, relating to a matter collateral to the issues being tried, will not rise to the level of prejudicial error in the absence of other facts and circumstances. We therefore find that the appellant's fourth assignment of error is without merit.

### V.

■ The appellant's last assignment of error deals with allegedly prejudicial comments made by the Tulsa County prosecutor in his closing argument. The appellant contends that the prosecutor made at least seven (7) improper remarks during his closing argument. While we do not necessarily agree with the appellant as to the exact number of instances in which an improper remark or argument was made, we do agree that the prosecutor's closing argument is hardly a model demonstration of fair comment.

A few examples of the prosecutor's remarks which we find to be particularly reprehensible are as follows:

Mr. Truster:

". . . [i]n the past it's been said in referring to persons who are charged in the criminal justice system of the danger of convicting an innocent person of a crime, I submit to you that far more the danger in the times that we live in now are that a guilty person goes free."

. . . . .

Mr. Truster:

"If you have been in this courthouse any length of time at all and you have observed other criminal cases, I know that you must have reflected in counsel's argument on the thing that perhaps you have heard the same song, second verse, because indeed, I have never heard a defense attorney yet admit that his client was guilty. If I did I would fall flat prone on the floor like the defendant was in the front seat of this car."

. . . . .

Mr. Truster:

"You know, counsel makes great issue of this beyond a reasonable doubt business.

I think by his remarks he would have you believe that that burden is some place sky high that we never do meet."

. . . . .

Mr. Truster:

"I worry about statements made by defense [sic] counsels in every case that I have tried in the seven years that I have been in the District Attorney's Office because it sickens me that a guilty person would have an opportunity to walk out of a courtroom door and snub his nose at the community or at an officer or at anything."

. . . . .

Mr. Truster:

"A slap on the wrist or the clicking of a firearm fully loaded? If you think that's what it merits, then give him a year in the county jail and say perhaps that it may be *open season*."

The above remarks could only have been intended to prejudice the appellant's rights and are outside the evidence presented at trial. Furthermore, most of the prosecutor's closing arguments focus on issues broader than the guilt or innocence of the accused. We have condemned these improper closing arguments in the past and we will continue to condemn them in the future. *See Green v. State*, 611 P.2d 262 (Okl.Cr.1980); *Babek v. State*, 587 P.2d 1375 (Okl.Cr.1978); *Cooper v. State*, 584 P.2d 234 (Okl.Cr.1978); *Robinson v. State*, 574 P.2d 1069 (Okl.Cr.1978). *See also* ABA Standards for Criminal Justice, the Prosecution Function, Standard 3–5.8 (1980) and Title 5 O.S. 1971, Ch.1 App.3, DR 7–106.

In light of the evidence presented at trial, however, it is this Court's opinion that the prejudice resulting from the improper closing argument influenced the jury's assessment of punishment rather than the verdict of guilt. For this reason we find modification rather than reversal of the appellant's sentence to be appropriate.

It is therefore the opinion and the order of this Court that the appellant's sentence in this case be modified from three (3) years' imprisonment to two (2) years' imprisonment, and as so MODIFIED is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.