**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bobby Chris JOHNSON,**
**Defendant-Appellant.**

No. 83–2242.

United States Court of Appeals,
Tenth Circuit.

May. 15, 1984.

**504**

Kenn Bradley, Tulsa, Okl., for defendant-appellant.

Layn R. Phillips, U.S. Atty., Keith Ward, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before SETH, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant Bobby Chris Johnson was arrested by the Tulsa police in response to a call at 2:30 a.m. concerning a "man with a gun" in a yellow Cadillac in the parking area of Brandy's Club Lounge. The police found appellant sitting in his car, highly intoxicated, with a .357 caliber magnum revolver in plain view on the passenger seat. The revolver was later found not to be loaded. Appellant was arrested for actual physical control of an automobile while intoxicated. Following his arrest, appellant was handcuffed, searched and placed on the ground where he subsequently passed out. He was found to have 26.63 grams of 82 percent pure cocaine in his pocket.

The police conducted an inventory search of the car and had it towed. They discovered a box of .45 caliber ammunition in the passenger compartment and scales, a sifter, a cocaine analysis kit, a plastic bag of white powder and other items in two brown cases in the trunk.

Appellant was booked by the Tulsa police for actual physical control of an automobile while intoxicated and was charged in federal court with possession of a controlled substance with intent to distribute. At trial, testimony was adduced that the cocaine was worth approximately $13,315.00 and that the drug paraphernalia found in the trunk was of the kind used by drug dealers. A government witness' testimony regarding numerous drug transactions with appellant was given to establish intent to distribute. The jury returned a verdict of guilty.

Appellant asserts that the inventory search of the car was unconstitutional, that admission of evidence of past illegal activity was an abuse of discretion, that the evidence was otherwise insufficient to support a guilty verdict, and that failure to instruct on the lesser included offense of mere possession was an abuse of discretion.

 The search was made following the arrest of appellant, and, with respect to the search of the passenger compartment, was lawful as incident to his arrest. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768; *United States v. Martin,* 566

F.2d 1143 (10th Cir.). In *Martin*, we upheld an inventory search of an automobile legally parked in a residential neighborhood after its owner was arrested for public drunkenness at 2:30 in the morning in his car. The present case is quite similar factually and we reach the same result here. In each instance, the police decided to have the car towed because the owner was clearly unable to drive and they were concerned about vandalism. This is an appropriate exercise of the "community caretaking functions" which the police have a responsibility to discharge. *South Dakota v. Opperman*, 428 U.S. 364, 368–69, 96 S.Ct. 3092, 3096–97, 49 L.Ed.2d 1000; *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706. To this end the police followed their routine procedure for securing and inventorying the automobile's contents.

■ In the present case a search was further justified because of the presence of the revolver. A warrantless search of an automobile, including entering a locked trunk, was found to be reasonable in *Cady v. Dombrowski* in order to retrieve a revolver that would possibly "fall into untrained or perhaps malicious hands." *Id.*, at 443, 93 S.Ct. at 2529. Appellant's revolver in plain view clearly justified a search of the rest of the automobile for other weapons. Also, the presence of nonmatching bullets in the passenger compartment would justify a suspicion that matching bullets may be found elsewhere in the automobile or another weapon. Because the inventory search was valid the incriminating items discovered in the trunk were properly admitted as evidence.

■ There was no abuse of discretion in the admission of evidence regarding appellant's past involvement in drug transactions. Fed.R.Evid. 404(b), which prohibits admission of evidence of other crimes, wrongs or acts in order to prove the character of the accused, allows this evidence in for other purposes, such as proof of intent or motive. In addition, the evidence must have real probative value, not just possible worth, be close in time to the crime

charged and be so related to the crime charged that it serves to establish intent. *United States v. Nolan*, 551 F.2d 266, 271 (10th Cir.); *United States v. Parker*, 469 F.2d 884, 890 (10th Cir.).

The government's witness testified to numerous sales to and purchases from appellant, conversations regarding the conduct of their respective drug businesses and stated that for a time they were "associates". Tr., 110–18. The testimony related to activities occurring up to seven months prior to the crime charged. Testimony as to the frequency of the transactions and the quantities of cocaine involved was closely related to establishing intent to distribute and was highly probative. The activities were also close in time to the charged crime. *See, United States v. Nolan*, at 272, in which two incidents occurring two years apart were sufficiently "close in time." We find no abuse of discretion in the admission of the testimony of the government's witness.

Because the contents of the automobile and the testimony of the government's witness were properly admitted it is not necessary to consider whether the remaining evidence alone would have been sufficient to support a guilty verdict.

■ Our decision on whether the defendant was entitled to an instruction on the lesser included offense of mere possession is controlled by *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844, *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882, *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013, *United States v. Chapman*, 615 F.2d 1294 (10th Cir.), and *United States v. Pino*, 606 F.2d 908 (10th Cir.). In *Fitzgerald v. United States*, 719 F.2d 1069 (10th Cir.), we enumerated requirements for instructing on a lesser included offense as did *United States v. Chapman*. Included is the requirement that the element differentiating the two offenses is a matter in dispute, and also from *Keeble*—only if the evidence would permit a jury to rationally convict the defendant of the lesser offense and acquit of the greater offense. The

trial court has discretion in the determination as to whether the evidence is sufficient to require the instruction.

■ In the present case the quantity of the drugs involved, the presence of drug paraphernalia used by dealers and the testimony of the government's witness all clearly support the charge of possession with intent to distribute. It would be irrational under these facts for the jury to acquit appellant of a charge of intent to distribute while convicting him of mere possession, because that would mean that no inference could be drawn from the evidence to rationally support the distribution aspect of the charge. Instructing only on possession with intent to distribute was proper.

AFFIRMED.