**Ted Lewis BERRYHILL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–623.**

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1985.

Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BRETT, Judge:

Ted Lewis Berryhill was convicted of Unlawful Possession of Marijuana With Intent to Distribute, pursuant to 63 O.S.1981, § 2–401, in Case No. CRF–81–751 in the District Court of Comanche County. The jury returned a verdict of guilty and set punishment at ten years' imprisonment.

On the evening of November 16, 1981, Officer Cody Corbin and Detective Bill Mathis were on a stakeout at the Capri Motel in Lawton, Oklahoma, across from the Capri Lounge some seventy-five feet away. Approximately 10:00 p.m. the appellant came out of the lounge with another individual and went to appellant's car. Appellant retrieved an "article" from the car and gave it to his companion. The two then returned to the lounge.

Later, an unidentified man drove up and went inside the lounge. A few minutes later, the appellant, the unidentified man, and an informant, Mr. Passetti, came out of the bar and walked over to the unidentified man's car. The appellant removed two sacks, later found to contain marijuana, from the trunk and placed them in his own

vehicle. The appellant and Mr. Passetti returned to the lounge by themselves.

Approximately twenty minutes later the two returned to appellant's car where appellant opened the sacks and removed several smaller plastic bags from them. The appellant was placed under arrest and his vehicle was subsequently taken to police headquarters and sealed until a search warrant was obtained. During an inventory search of appellant's car, sixteen plastic bags of marijuana were discovered in the trunk, and another sack was discovered in the glove compartment.

■ The appellant's first assignment of error alleges that the trial court committed reversible error by instructing the deadlocked jurors that they had to reach a verdict. The trial judge received a note from the jury stating it was unable to reach a verdict. The judge made the following statement to the jury:

> When you first notified the bailiff of that, you had deliberated less than an hour. You have deliberated just a little over an hour now. You have not deliberated this case sufficiently to determine whether you cannot reach a verdict. You are directed by the instructions to reach a verdict. It is your duty. I'm asking you to return to the jury room and deliberate this case in a view of reaching a verdict in this case. You will return, please.

Counsel complains that this was a coercive statement to the jury. The trial judge's statement was not coercive in nature, nor was it the court's opinion of the evidence. *Burns v. State,* 595 P.2d 801 (Okl.Cr.1979); *Wilson v. State,* 556 P.2d 1311 (Okl.Cr. 1976).

■ Appellant's final assignment of error alleges that he was denied his constitutional right to confrontation of a witness by the State's alleged use of hearsay. Both instances of which appellant complains occurred during cross-examination by defense counsel. The questions asked by defense counsel could only produce hearsay answers. The appellant cannot complain about testimony elicited by his own attorney. *Smith v. State of Oklahoma,* 416 F.Supp. 245 (W.D.Okla.1976); *Maxville v. State,* 629 P.2d 1279 (Okl.Cr. 1981). It does not automatically follow that because hearsay evidence may have been received that confrontation rights have been denied. *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.