Teresa Lynn JOHNSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–638.

Court of Criminal Appeals of Oklahoma.

Dec. 30, 1986.

Terry J. Hull, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge.

The appellant, Teresa Lynn Johnson, was charged, tried and convicted in the District Court of LeFlore County, Case No. CRF–83–68, for the offense of Unlawful Delivery of a Controlled Drug. Her punishment was fixed at a term of ten (10) years imprisonment. We affirm as hereinafter modified.

On February 7 or 8, 1983, Assistant Police Chief Bob Hendricks, of the Poteau Police Department, gave a confidential informant one-hundred dollars to purchase drugs from the appellant. The informant arrived at the appellant's residence and asked to buy some "crank." Testimony at trial was controverted as to the appellant's response. The appellant replied either that she did not currently have any drugs or that she did not deal in drugs. However, on February 10, 1983, the appellant telephoned the informant and informed him that she had six grams of "crank" valued at six-hundred dollars. The informant told the appellant to call him back.

The informant immediately called the police department. Later in the evening, the informant was wired with a transmitter and received some money for the drug purchase. The appellant arrived at the informant's place of employment for the sale. The informant only had one-hundred dollars, so he told the appellant to come back in a while. The appellant returned some time later that evening, after the informant had received the entire six-hundred dollars from the police. The informant went to the appellant's car and gave her the six-hundred dollars. The appellant stated that she would get the drugs and tape them to the fender of the informant's car. Later that evening, the appellant returned and informed the informant that the drugs were taped to a light pole outside the business. The informant left the business establishment and removed an envelope from the pole. The envelope was immediately turned over to Chief Hendricks.

Chief Hendricks performed a field test on the substance and determined it was an amphetamine salt. At trial, an OSBI chemist testified that the white powdery substance was, in his opinion, methamphetamine, a schedule II controlled dangerous substance. The appellant testified on her own behalf, and stated that her deceased husband was a drug dealer. She also stated that her husband's friends wanted her to continue his business, and that she had been receiving pressure from law enforcement officials. She further testified that an acquaintance forced her to deliver the drugs to the informant for the set price.

## I.

In her first assignment of error, the appellant contends that the magistrate at preliminary hearing erred by not sustaining her demurrer, since the State had allegedly failed to present evidence sufficient to support a finding of probable cause as to one of the elements of the crime. We disagree. This Court held that at preliminary hearing, the State is not required to present evidence sufficient to convict. It is presumed that the State will strengthen its

case at trial. *Shriver v. State*, 632 P.2d 420 (Okl.Cr.1980). Furthermore, the State has only the burden at preliminary hearing to show that an offense has been committed, and probable cause to believe that the defendant committed the offense. *Baker v. State*, 593 P.2d 100 (Okl.Cr.1978). We find in the instant case that "there is competent evidence in the record from which the magistrate, as trier of fact, could reasonable conclude that there was probable cause to believe a crime was committed and that the defendant committed it...." *Shriver v. State, supra* at 427. Therefore, we will not interfere with the determination of the magistrate. Accordingly, this assignment of error is without merit.

## II.

In her second assignment of error, the appellant contends that the trial court erred in admitting the methamphetamine into evidence when the State allegedly failed to establish the chain of custody of the drug. We disagree. By a review of the record, we find that the chain of custody was sufficiently established, and no break in the chain of custody existed. This assignment of error is wholly without merit.

## III.

In her third assignment of error, the appellant asserts that her Sixth Amendment right to confrontation was violated by the trial court's refusal to allow defense counsel to adequately cross-examine the informant. Defense counsel in the case at bar attempted to impeach the informant's credibility by a cross-examination into the informant's discharge from the Army. The trial judge permitted only an *in-camera* hearing to cross-examine the informant on this point. In the *in-camera* hearing, it was determined that the informant was dishonorably discharged from the Army. Defense counsel was not allowed to question the informant on these issues in the presence of the jury. We agree with the ruling of the trial court.

The Oklahoma Evidence Code, 12 O.S. 1981, § 2608(B), provides that:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of a crime ..., may not be proved by extrinsic evidence. They may, however, *in the discretion of the court,* if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness if they:

1. *Concern his character for truthfulness or untruthfulness....* [Emphasis added.]

We hold that a dishonorable discharge from the military, for being A.W.O.L., is not probative to the issue of truthfulness and veracity of a witness. Therefore, the trial court did not abuse its discretion by denying the admission of such questioning on cross-examination. Thus, the appellant's Sixth Amendment right to confrontation was not violated. This assignment of error is also without merit.

## IV.

In her next assignment of error, the appellant alleges the trial court violated her Sixth Amendment right to a jury determination of the facts since the court refused her proffered jury instruction on the defense of entrapment and failed to give any such instruction of its own. We disagree. It is well settled that evidence must be submitted in support of such an instruction before the trial court will consider a requested instruction. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980). In the instant case, there was no such evidence which supported the requested instruction. Based on her own testimony, the appellant stated that she was coerced by her acquaintances, not the police, into selling the drugs on this occasion. Such testimony does not constitute entrapment as a matter of law. *See Abbott v. State*, 661 P.2d 914 (Okl.Cr.1983).

Therefore, the trial court did not abuse its discretion in denying the appellant's proffered instructions. Furthermore, the court's judgment will not be interfered with on appeal since the instruc-

tions fairly and accurately state the applicable law. *Green v. State, supra.* This assignment of error is without merit.

## V.

In her fifth assignment of error, the appellant contends that the trial court erred in admitting prejudicial evidence of other crimes. We disagree. We first note that the State filed a *Burks* [1] notice prior to trial, which permitted the appellant sufficient time to defend against the allegations of past crimes. The notice filed in the instant case states that evidence of other crimes will be used to prove "the *Res Gestae* of the crimes in question as well as the identity of the defendant, intent and motive of the defendant pursuant to 12 O.S. 2404."

As stated by statute, evidence of other crimes is generally inadmissible, except to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." 12 O.S. 1981, § 2404(B). The instant case clearly falls within the "intent" exception to rule. In construing the intent exception to rule 404(b) of the Federal Rules of Evidence, from which Oklahoma derived section 2404(B), *supra,* the Tenth Circuit stated that "the evidence [of other crimes] must have real probative value, not just possible worth, be close in time to the crime charged and be so related to the crime charged that it serves to establish intent." *United States v. Johnson,* 734 F.2d 503, 505 (10th Cir.1984). *Cf. United States v. Rocha,* 553 F.2d 615 (9th Cir.1977) and *United States v. Marchildon,* 519 F.2d 337 (8th Cir.1975). In *Johnson, supra,* the court held that evidence of other drug sales, which occurred up to seven months prior to the crime charged, was admissible to show intent to distribute.

■ In the instant case, evidence was introduced at trial that the appellant had sold drugs to a second informant on February 4, 1983, six days prior to the offense for which she was charged. Such evidence was probative since the appellant testified that she was coerced into selling the drugs

by an acquaintance. The evidence of a prior drug sale, which was so close in time and closely related to the present charge, was clearly admissible to prove intent. Based on the foregoing reasoning, this assignment of error is without merit.

## VI.

■ In her next assignment of error, the appellant alleges that the prosecutor made improper and prejudicial comments during closing arguments. We agree. The following arguments were made by the prosecutor in his summation:

> [Mr. Sullivan:] I am always amazed ... it's astounding that every time I try a case against Mr. Curtis, you know, every time we try a case against Mr. Curtis, everybody is guilty but his client. The OSBI, the Poteau Police and the District Attorney, but not his poor old client. That just amazed me to no end. It's unbelieveable [sic]. I think we're in two different courtrooms the time we are trying this. Mr. Curtis asked where [M.K.] was. The Defendant was not on trial for the February 4th transaction, and therefore [M.K.] could not testify in this case. Mr. Curtis knew that.

This argument is improper for two reasons. *First,* the prosecutor made derogatory comments regarding defense counsel, a tactic this Court has held is error. We have stated that "[c]omments concerning personal attacks against the defense counsel will not be condoned by this Court...." *Chandler v. State,* 572 P.2d 285, 289 (Okl.Cr. 1977). In *Maxville v. State,* 629 P.2d 1279, 1282 (Okl.Cr.1981), the prosecutor, in closing arguments, stated:

> If you have been in this courthouse any length of time at all and you have observed other criminal cases, I know that you must have reflected in counsel's argument on the thing that perhaps you have heard the same song, second verse, because indeed, I have never heard a defense attorney yet admit that his client was guilty. If I did I would fall flat

1. *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979).

prone on the floor like the defendant was in the front seat of this car.

We condemned the argument in *Maxville* as error, as we do now in the case at bar.

*Second,* the prosecutor misstated the law in his closing argument. We are not aware of any reason which would prevent M.K. from testifying in this case. A misstatement of law to the jury is similarly error. *Hau v. State,* 30 Okl.Cr. 24, 234 P. 649 (1925).

■ However, the appellant failed to make a contemporaneous objection at trial to the improper comments. In the absence of an objection, we will not reverse the judgment since we are unable to conclude that the combined effect of the comments were "so prejudicial as to adversely effect the fundamental fairness and impartiality of the proceedings...." *Freeman v. State,* 681 P.2d 84, 85 (Okl.Cr.1984). *See also Glass v. State,* 701 P.2d 765, 770 (Okl. Cr.1985). Appellant has also contended that the sentence assessed against her was excessive, however. We have held that "[i]n determining whether the sentence is excessive, we will consider the entire record, including improper matter received without objection, and, where justice requires, will modify the sentence." *Freeman v. State, supra* at 86. In this case these arguments, though unobjected to, may have improperly influenced the jury in its assessment of punishment. We therefore modify the sentence from ten (10) years to eight (8) years imprisonment.

## VII.

In her last assignment of error, the appellant asserts that the cumulative effect of the alleged errors warrant a reversal of her conviction. We disagree. This Court has addressed the appellant's propositions and find that only the sixth assignment of error has merit. Accordingly, we modified the appellant's sentence. Since all of the other propositions were meritless, we decline to reverse. Therefore, this assignment of error is without merit.

For the foregoing reasons, the appellant's sentence shall be modified from ten (10) years to eight (8) years imprisonment.

The judgment and sentence of the District Court shall be AFFIRMED as herein MODIFIED.

BRETT, J., concurs.

BUSSEY, J., concurring in part and dissenting in part.

BUSSEY, Judge, concurring in part and dissenting in part.

I agree that the judgment in the instant case should be affirmed. However, in light of the overwhelming evidence of guilt and defense counsel's failure to object to the allegedly improper comments, I dissent to the modification of the sentence.