**Belvin Thomas POPLIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M 92–0141.**

Court of Criminal Appeals of Oklahoma.

Aug. 24, 1992.

As Corrected Sept. 8, 1992.

---

## ORDER INVALIDATING LOCAL RULE AND DIRECTING DISTRICT COURT TO PROVIDE APPELLANT COMPLETE TRIAL TRANSCRIPT

Appellant, represented by counsel, was found guilty by a jury of Driving While Impaired, Count I, and Operating a Motor Vehicle Without License, Count II, and was sentenced October 24, 1991, to six months in the County Jail and a fine of $300.00 plus costs on Count I, and to thirty days in the County Jail and a fine of $300.00 plus costs on Count II. Appellant has appealed his conviction in Case No. CRM–91–487 in the District Court of Carter County to this Court. The District Court determined Appellant to be indigent and appointed the Oklahoma Appellate Indigent Defender Division to represent Appellant on appeal in an order dated October 28, 1991. An Accelerated Docket brief is currently due to be filed by Appellant by October 20, 1992. However, Appellant complains that the Trial Court has denied his request for a complete transcript.

In a Motion to Supplement and to Address the Validity of Local Court Rule filed in this Court April 15, 1992, Appellant requests this Court order the District Court of Carter County provide him with a complete trial transcript. Appellant also requests a ruling by this Court on the validity of Rule 18 of the Local Court Rules of the 20th Judicial District of Oklahoma insofar only as said rule impacts Oklahoma's criminal appellate procedure.

In an order entered May 27, 1992, the Attorney General of the State of Oklahoma was directed to respond to Appellant's motion specifically addressing the constitutionality of Local Court Rule 18. Said response was filed in this Court July 13, 1992.

The following rule was adopted by the Judges of the District Court of the Twentieth Judicial District January 14, 1991:

1. Any litigant who desires a transcript at public expense for use on appeal must file with the Court a motion requesting the same. The motion must be accompanied by a financial disclosure statement. The motion must set forth each witness or portion of the trial or hearing which is requested to be transcribed, together with a brief statement or explanation of the error allegedly occurring during the testimony of that witness or during that portion of the trial. For any witness or portion of the trial requested but not accompanied by such statement or explanation, the Court will summarily deny the request for that portion of the transcript.

2. The reporter will not prepare a transcript at public expense until receiving an order approving the same. Said order will state with specificity which portions of the trial or hearing are to be transcribed.

The record reflects that the Designation of Record filed October 21, 1991, by the attorney who represented Appellant at trial requested "transcript of the following: preliminary hearing and trial testimony of B.J. Hutchins; trial testimony of Delores Dodd, R.N., M. Sharif Sandhu and Belvin Poplin [the defendant]; all argument of counsel, and all matters recorded by the court reporter". Instead, the Trial Judge ordered that only the testimony of three State witnesses be transcribed.

On March 5, 1992, an Amended Designation of Record was filed by Carol Walker, Assistant Appellant Indigent Defender, on behalf of Appellant requesting "... (2) A complete transcript of the preliminary hearing; and (3) A complete transcript of all other hearings held in this case ...; and, (4) A complete transcript of the trial of this case, including but not limited to voir dire, opening statements, all testimony taken, closing arguments, conferences at the bench, objections and motions made during the course of the trial, arguments and rulings concerning such objections and motions, in camera proceedings, all offers of

proof, and any and all matters recorded in any manner during the course of the trial of this case; ...". The record reflects that the Honorable Thomas S. Walker responded to Ms. Walker by letter stating that he would not order a complete transcript until there has been complete compliance with court rules.

Title 22 O.S.1991, § 1362, directs:

The district court clerks for each county shall transmit one certified copy of the original record for each appeal authorized by the Indigent Defense Act directly to the appellate indigent defender as soon as possible after the filing of the notice of intent to appeal and the order appointing the appellate indigent defender, unless additional copies are requested, not to exceed three copies. One certified copy of all transcripts, records and exhibits designated shall be transmitted for each authorized appeal by the district court clerk to the appellate indigent defender within the time limits as established by the Rules of the Court of Criminal Appeals and applicable statutes, unless additional copies are requested, not to exceed three copies. The appellate indigent defender is hereby authorized to supplement the designation of record as filed by the trial counsel by filing a written supplemental designation of record. When a written supplemental designation of record is filed by the appellate indigent defender, it shall be the duty of the court clerk or the court reporter, as appropriate, to include the supplementary materials as part of the record on appeal. (emphasis added)

Once convicted, a timely notice of intent to appeal is filed, and the District Court makes a determination of indigency and appoints the Oklahoma Appellate Indigent Defender Division to represent the defendant on appeal, the statutory language of Section 1362 is very clear. The Legislature has not given the Trial Court any discretion in limiting the trial record which is requested in the Designation of Record filed by trial counsel or the Supplemental Designation of Record filed by the appellate indigent defender. The right granted by the Legislature in Section 1362 is a greater right than had previously been established by federal and state caselaw. Therefore, until the Legislature changes the scope of the right granted, the statutory provisions must be enforced.

■ Further, we find no merit in the State's assertion that 20 O.S.1991, § 106.4, gives district courts discretion to determine whether there is a reasonable basis for the transcript. We do not find that Section 106.4 of Title 20 is in conflict with Section 1362 of Title 22. The discretion given to the court in Section 106.4 is to determine whether there is a reasonable basis for the defendant's averment that he does not have the means to pay for the transcript, not whether there is a reasonable basis for a transcript being produced for an appeal.

Accordingly, we find Rule 18 of the Local Court Rules of the 20th Judicial District of Oklahoma to be in conflict with Section 1362. We have held that the district court is without power to make a rule of court which contravenes any constitutional or statutory provision on the same subject. *Pierce v. State*, 383 P.2d 699 (Okl.Cr.1963). Therefore, Local Rule 18 is INVALID insofar as said rule impacts Oklahoma's criminal appellate procedure.

Further, we hereby AMEND Rule 1.15 of the Rules of the Court of Criminal Appeals by deleting Rule 1.15(6). 22 O.S.1991, Ch. 18, App.

Further, this Court's decision in *Maxville v. State*, 629 P.2d 1279 (Okl.Cr.1981), is hereby MODIFIED insofar as it is in conflict with this order. We note, however, that the relevant language in Section 1362 was enacted in 1981 and became effective May 26, 1981, and this Court's decision in *Maxville* is dated June 9, 1981. Therefore, Section 1362 would not be applicable to the facts of *Maxville*.

*Morgan v. Graham*, 497 P.2d 464 (Okl. Cr.1972), is also MODIFIED insofar as it is in conflict with this order relating to records for appeal; however, Section 1362 would not be applicable to the facts of *Morgan* as the relevant language in Section 1362 was not enacted until 1981.

■ Further, Appellant contends that he is entitled to transcription of the trial pro-

ceedings, not an electronic recording of the same. We agree.

Rule 1.15 directs that when trial counsel's designation of record does not include some portion of the trial proceeding and the appellate public defender [now known as "appellate indigent defender"] feels that portion should be provided, that as an alternative the court reporter may make available to the appellate indigent defender the electronic recording to determine what portion of the record should be transcribed. We do not find that this is in conflict with Section 1362. However, once the appellate indigent defender determines the portion of the record that should be transcribed, and this is designated in the Supplemental Designation of Record, Section 1362 requires the supplementary materials to be transcribed and included as part of the record on appeal.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge