## COMMONWEALTH vs. WILLIAM L. DUNN.

No. 92-P-320.

Hampden. October 21, 1992. - July 2, 1993.

Present: ARMSTRONG, SMITH, & PORADA, JJ.

*Constitutional Law*, Search and seizure. *Search and Seizure*, Arrest, Truck, Impoundment of vehicle. *Controlled Substances*.

Police were justified in impounding a motor vehicle for a noninvestigative inventory search where the driver, after being signalled to stop for speeding, pulled his vehicle to a stop in a private parking lot to which he had no apparent relationship and was thereupon arrested for driving while under the influence of intoxicating liquor, and where the police could reasonably be concerned for their liability in exposing the vehicle to theft or vandalism, as well as the inconvenience to the property owner, if it were allowed to remain on the open lot; consequently, where the judge at a pretrial hearing based his decision to suppress evidence seized from the vehicle on his erroneous conclusion that the impoundment was improper, the matter was remanded for further findings as to the propriety of the ensuing inventory search and the adequacy of police policies for such searches. [703-707]

COMPLAINT received and sworn to in the Westfield Division of the District Court Department on March 11, 1991.

A pretrial motion to suppress evidence was heard by *Philip A. Contant*, J.

*Joseph D. Bernard*, Assistant District Attorney, for the Commonwealth.

*Bettie Ann Mikucki* for the defendant.

ARMSTRONG, J. The Commonwealth appeals from an order of a District Court judge suppressing as evidence marihuana and paraphernalia found in a warrantless search of the passenger compartment of the defendant's vehicle. The circumstances, as found by the judge in a thoughtful decision, and as then stipulated by the parties, were as follows:

At approximately 10:00 P.M. on March 9, 1991, a Saturday night, the defendant, driving in his pickup truck, was stopped by the Southwick police for speeding. Instead of stopping his truck on the side of the highway the defendant pulled into the parking lot of a closed business, Whalley Computer, stopping it in a location that would not interfere with other vehicles entering or exiting from the lot. The defendant was unsteady on his feet and smelled of alcohol. He was arrested for driving under the influence of intoxicating liquor and for speeding. One officer remained with the defendant's vehicle, called for a tow truck to impound it, and searched the vehicle pursuant to a Southwick police regulation that called for an inventory search "where the operator is arrested or the vehicle is towed or removed." In the driver's door pocket, he found a plastic bag containing the marihuana and a smoking pipe with marihuana residue. The defendant has been charged with speeding, operating under the influence, and possession of a Class D controlled substance (G. L. c. 94C, § 34).

On a motion to suppress evidence seized during a warrantless search, the Commonwealth bears the burden of establishing that the evidence was legally obtained pursuant to a reasonable search. *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 57 (1974). In the case of an inventory search, "the propriety of the impoundment of the vehicle is a threshold issue in determining the lawfulness of the inventory search." *Commonwealth* v. *Garcia*, 409 Mass. 675, 678 (1991). On this issue, the judge ruled, the Commonwealth's proof fell short.

The impoundment of a vehicle for noninvestigatory reasons is generally deemed justifiable if supported by reasons of public safety or the danger of theft or vandalism to a vehicle left unattended. It is accepted that an automobile stopped on a highway may be impounded if the police have arrested the driver and no unarrested passenger has a valid driver's license so as to be able to move the automobile to a secure location. *Commonwealth* v. *Caceres*, 413 Mass. 749, 750-753 (1992). Federal authorities are generally in accord, whether

the vehicle is parked legally or not. See *South Dakota* v. *Opperman*, 428 U.S. 364, 369 (1976) (vehicle parked in a no-parking zone); *Colorado* v. *Bertine*, 479 U.S. 367, 375-376 (1987) (vehicle stopped at intersection and driver arrested for drunken driving, vehicle stopped adjacent to large public parking lot but impoundment justified to protect vehicle from theft or vandalism); *United States* v. *Rodriguez-Morales*, 929 F.2d 780, 786-787 (1st Cir. 1991), cert. denied, 502 U.S. 1030 (1992) (automobile stopped on shoulder of busy interstate highway); *United States* v. *Ramos-Morales*, 981 F.2d 625, 626-627 (1st Cir. 1992) (vehicles parked legally on residential street which agents reasonably thought not to be the defendant's neighborhood); *United States* v. *Martin*, 566 F.2d 1143, 1145 (10th Cir. 1977) (automobile parked in residential neighborhood).

Less uniform have been cases involving cars parked in private lots or on private land. As to these, the public safety justification for impoundment is lacking and justification must be found, if at all, in the danger that the vehicle left unattended may be vandalized or stolen. In *United States* v. *Staller*, 616 F.2d 1284, 1289-1290 (5th Cir. 1980), police impounded an automobile parked in a shopping mall where the driver and the passenger, both from out of State, had been arrested for passing counterfeit bills. Impoundment was upheld as justified to protect the vehicle from theft or vandalism, the court noting that the driver, who had rented the vehicle out of State, had no friend or relative to remove it, and the police had no reasonable expectation that the defendant or his passenger would be released soon to move it. *Ibid.* Reaching an opposite result, but on consistent reasoning, was *United States* v. *Pappas*, 735 F.2d 1232, 1234 (10th Cir. 1984), where the defendant, arrested in a bar, had with him companions who were available to move his automobile from the bar's parking lot and a family that lived nearby. In *United States* v. *Kornegay*, 885 F.2d 713, 716 (10th Cir. 1989), an impoundment of a vehicle parked in a private lot was deemed reasonable where the police did not know the true identity of the arrested operator (he used a false name

and license) or of the owner of the vehicle (which had multiple registration plates). *United States* v. *Johnson*, 734 F.2d 503, 505 (10th Cir. 1984), upheld the impoundment of an automobile stopped in the parking area of a lounge, where the owner had been arrested for public drunkenness. There was no mention of the availability of friends or relatives to move the vehicle. *Ibid.*

Professor LaFave, in his Search and Seizure treatise, takes the position that the police would have no justification for impounding the automobile of an arrested driver if it is parked on the driver's own property or that of a relative or friend; no justification if it is parked in a hotel or a motel lot, at least until the arrested driver's rental period has expired; and, in general, no justification for impounding an automobile parked on private property of another unless the owner of that property requests that the vehicle be removed. 3 LaFave, Search and Seizure § 7.3(*c*), at 86-87 (2d ed. 1987). Compare G. L. c. 266, § 120D. The cases cited as supporting the last proposition (3 LaFave, *supra* at 87 n.55), however, seem to be mainly cases where the defendant had lawfully parked in a lot, such as that of a shopping mall, restaurant, or night spot, prior to his arrest on an offense not related to the use of the vehicle, and was reasonably expected to be able to remove the vehicle in the near future. See, e.g., *State* v. *Bertram*, 18 Ariz. App. 579 (1972); *Weed* v. *Wainwright*, 325 So. 2d 44 (Fla. Dist. Ct. App. 1975); *Dunkum* v. *State*, 138 Ga. App. 321 (1976); *Kelly* v. *State*, 607 P.2d 706 (Okla. Crim. App. 1980); *State* v. *Thirdgill*, 46 Or. App. 595 (1980); *Riley* v. *State*, 583 So. 2d 1353 (Ala. Crim. App. 1991). But see *United States* v. *Hall*, 565 F.2d 917, 921 (5th Cir. 1978) (automobile parked late at night in lot of closed service station, occupants arrested for public drunkenness); *Biggers* v. *State*, 162 Ga. App. 163, 164-165 (1982) (automobile parked in church lot, both occupants arrested; vehicle had expired dealer's plate).

The case before us is distinguishable: here the driver had no established relationship to the private lot prior to the pursuit leading to his arrest; it was simply the place where he

brought his truck to a stop, and it was not a lot open, so far as the record shows, for general public use. In such a situation the vehicle, with respect to concerns about theft or vandalism, is hardly distinguishable from a vehicle left at the roadside. The police could reasonably be concerned for their potential liability in exposing the truck to that risk, see *Commonwealth* v. *Garcia*, 409 Mass. at 678 n.3, and unwilling to rely on an assumption of the risk by the driver, particularly one who is intoxicated. Cf. *Commonwealth* v. *Caceres*, 413 Mass. at 751 (relative to discussions with arrested driver about disposition of vehicle). Moreover, the police, responsible for pursuing the vehicle to a stop on private property and, by the arrest, leaving it driverless, could reasonably wish to spare the property owner the burden of dealing with the vehicle's presence. All those reasons support impoundment. Of the cases cited by LaFave, those closest in fact seem to support this result. See *United States* v. *Brown*, 787 F.2d 929 (4th Cir. 1986) (police pursue automobile into parking lot of businesses and apartments; impoundment reasonable); *Coleman* v. *State*, 668 P.2d 1126 (Okla. Crim. App. 1983) (defendant, pursued for traffic violations, pulled into residential driveway of another; impoundment held proper even without request of property owner); *Starks* v. *State*, 696 P.2d 1041 (Okla. Crim. App. 1985) (due to traffic offenses, police pursue automobile into private parking lot; impoundment reasonable); *State* v. *Bradford*, 25 Ariz. App. 518 (1976) (defendant, pursued for reckless driving, ran vehicle into shed on private property; impoundment held proper). See also *People* v. *Scigliano*, 196 Cal. App. 3d 26 (1987) (vehicle pursued for having no windshield, drives into restaurant parking lot, driver arrested; impoundment held reasonable both on authority of *Starks* v. *State, supra,* and because no way to secure car).

The police, we hold, acted reasonably in deeming it necessary to impound the defendant's vehicle in the circumstances of this case. As the judge below based his decision to suppress exclusively on the impropriety of the impoundment, he declined to address the propriety of the ensuing inventory

search and the adequacy of the police policies for such searches. It is necessary to remand the case to the District Court for further findings on these issues. Compare *Commonwealth* v. *Hason*, 387 Mass. 169, 178 (1982).

The judge's order allowing the defendant's motion to suppress is reversed, and the case is remanded to the District Court for further findings in accordance with this opinion.

*So ordered.*