COMMONWEALTH *vs.* WAYNE DALEY.

Hampden. September 4, 1996. - November 12, 1996.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Constitutional Law,* Search and seizure. *Search and Seizure,* Inventory, Impoundment of vehicle. *Practice, Criminal,* Required finding. *Controlled Substances.*

In circumstances in which a police officer stopped a motor vehicle, which was not properly registered, without arresting the driver, and could neither permit the vehicle to continue to be operated unlawfully nor safely leave it unattended by the side of the busy public road, there was no practical alternative to impounding, conducting an inventory search and towing the vehicle; further the police department's written policy requiring an inventory search gave the officer no discretion in the matter: the search did not violate the driver's rights under the Fourteenth Amendment to the Constitution of the United States or art. 14 of the Massachusetts Declaration of Rights and the controlled substance found by police on the floor of the vehicle was properly admissible in evidence. [749-751]

Evidence at the trial of an indictment for trafficking in cocaine was sufficient to warrant a reasonable inference that the defendant had access to and control over the cocaine located in plain view on the floor in front of the driver's seat in a vehicle that the defendant was operating alone: the defendant's motion for a required finding of not guilty was correctly denied. [751-752]

INDICTMENT found and returned in the Superior Court Department on April 2, 1993.

A pretrial motion to suppress evidence was heard by *Constance M. Sweeney,* J., and the case was tried before *Daniel A. Ford,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*David P. Hoose* for the defendant.

*Marcia B. Julian,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant, Wayne Daley, appeals from his

conviction of trafficking in cocaine in excess of twenty-eight grams.[1] On appeal, the defendant asserts the judge erred in denying (1) his motion to suppress; and (2) his motion for a required finding of not guilty. We allowed the defendant's application for direct appellate review. We affirm.

*Facts.* The relevant facts are as follows. In February, 1993, two Springfield police officers were working a uniformed patrol evening shift in the Winchester Square district of Springfield. At approximately 5 P.M., while driving a marked cruiser along Albermarle Street, one of the officers noticed that a vehicle in front of him, a 1985 gray Nissan, failed to stop for a stop sign. The officers activated the cruiser's lights and siren, and the defendant pulled his vehicle over to the side of Wilbraham Road, a busy main road. The defendant was the driver and sole occupant of the Nissan. One officer asked the defendant for his license and registration, and the defendant produced an expired, ten month old application for a Connecticut motor vehicle registration. The officer ran a computer inquiry which revealed that the defendant's Connecticut registration plate number belonged to a 1986 Audi.

The officer informed the defendant that his unregistered Nissan would have to be towed from the public way. The officer called for a tow truck and cited the defendant for driving an unregistered motor vehicle, concealing the identity of a motor vehicle, and failing to come to a stop at a stop sign. While waiting for the tow truck to arrive, the defendant was asked to get out of the Nissan so that the officer could conduct an inventory search of the vehicle. The defendant complied, and on opening the vehicle's door, the officer immediately saw a glassine bag containing a cocaine-like substance on the floor directly in front of the driver's seat.[2] The officer arrested the defendant. The defendant denied that the drugs were his.[3]

At the hearing on the motion to suppress, the officer said

---

[1]Execution of the sentence was stayed by a single justice of the Appeals Court.

[2]Subsequent analysis confirmed that the substance was 48.28 grams of 65% pure cocaine. At trial, the Commonwealth offered expert testimony that the amount and purity of the cocaine was more consistent with distribution than with personal consumption.

[3]At trial, the defendant testified that he had allowed two potential purchasers to test drive the Nissan unaccompanied that day. These two individuals were unavailable for the trial. The defendant did not know whether the cocaine belonged to them.

that, under Springfield's written inventory policy, he was required to search any vehicle towed by the Springfield police department. Where, however, he stops a driver for a traffic violation and the driver has the towing fee available, the officer said that he may agree to the vehicle's being towed to a reasonable location at the driver's request, rather than to the city-contracted tow company. The officer said that, even when a vehicle is towed to an alternative location, he still must conduct an inventory search as mandated by the written policy of the police department.

At the motion hearing and at trial, the defendant said that he ran a used automobile business, but that he lacked a dealer's license and could not get dealer plates for his vehicles because he did not have a lot. Consequently, he had been stopped and cited by police many times for driving an unregistered and uninsured vehicle with attached plates. The defendant stated that he was quite familiar with the routine when being stopped for an unregistered vehicle and that he knew his vehicle would be searched and towed. The defendant claimed that he requested that his vehicle be towed to his home and that the officer agreed to this arrangement.

1. *Motion to suppress.* The defendant contends that the judge erred in denying his motion to suppress the cocaine because the drugs were discovered pursuant to an unreasonable inventory search in violation of the defendant's rights under both the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights. His argument focuses on the justification for conducting an inventory search in these circumstances. Specifically, the defendant argues that, where the driver is not under arrest and has the funds to pay the tow truck operator to transport the vehicle to a private location, the police have no legal basis for impounding and conducting an inventory search of the vehicle.

"[T]he propriety of the impoundment of the vehicle is a threshold issue in determining the lawfulness of the inventory search." *Commonwealth* v. *Garcia*, 409 Mass. 675, 678 (1991). *Commonwealth* v. *Dunn*, 34 Mass. App. Ct. 702, 703 (1993). While we have imposed a requirement of standardized written guidelines as to the conduct of an inventory search itself, see *Commonwealth* v. *Bishop*, 402 Mass. 449, 451 (1988), we have not determined whether the police must have written

guidelines delineating the circumstances in which an inventory search may be undertaken. See *Commonwealth* v. *Caceres*, 413 Mass. 749, 751 (1992). Similarly, we have not addressed whether the State Constitution imposes an obligation on the police to consider practical alternatives to impoundment before an inventory search can be reasonable.[4] See *id*. at 753. We have said, however, that where there is no practical available alternative, removal of a vehicle from a public roadway and an inventory search of it are constitutional. *Id*. at 751, 753. We conclude that the present case falls squarely within those circumstances.

The impoundment of a vehicle for noninvestigatory reasons is generally justified if supported by public safety concerns or by the danger of theft or vandalism to a vehicle left unattended. *Dunn, supra* at 703. See *Caceres, supra* at 750-753. Here, the fact that the defendant was not under arrest is irrelevant to the propriety of the impoundment because the vehicle at issue was unregistered, uninsured, and had attached plates belonging to another vehicle. See G. L. c. 90, §§ 6, 9, and 34J (1994 ed.). Thus, the officers could not permit the continued unlawful operation of this vehicle on the public roadways, nor could they leave the vehicle unattended on the shoulder of a busy main road. See *Commonwealth* v. *Figueroa*, 412 Mass. 745, 746-747, 748 n.4 (1992). Thus, there was no practical available alternative to impounding and inventorying the vehicle.

The defendant further argues that the inventory search was illegal because he had the means to pay the tow truck operator to transport the vehicle to his home rather than to the

[4]Suppression is not mandated by the Federal Constitution in these circumstances. "[T]he failure to give a person an opportunity to make reasonable alternative arrangements for the vehicle would not invalidate an inventory search under Fourth Amendment principles." *Commonwealth* v. *Caceres*, 413 Mass. 749, 751 n.1 (1992), citing *Colorado* v. *Bertine*, 479 U.S. 367, 373-374 (1987). See generally 3 W.R. LaFave, Search and Seizure § 7.3(c), at 527-530 (3d ed. 1996). We have said in dictum that, at least, if the owner of the vehicle is present and proposes that his vehicle be turned over to a passenger, this should be done if the passenger displays a valid operator's license and is not under arrest or otherwise incapacitated. *Caceres, supra* at 751 n.2. See *Commonwealth* v. *Dunn*, 34 Mass. App. Ct. 702, 703 (1993). Those circumstances were not present only because no third person was present, the vehicle was unregistered, and had registration plates belonging to another vehicle. Therefore, the vehicle could not be turned over to a third person.

city-contracted tow company.[5] The interests protected by an inventory search are what give rise to the officer's obligation to search an impounded vehicle, regardless of its ultimate destination when towed. "We have recognized three separate interests which are protected by permitting police to conduct warrantless inventory searches: the protection of the vehicle and its contents; the protection of the police and the tow company from false charges; and the protection of the public from dangerous items which might be in the vehicle." *Garcia, supra* at 682.[6]

The officer said that he had the discretion to authorize towage to a location other than to the city-contracted tow company but that the police department's written policy still compelled him to conduct an inventory search to protect the department from claims made concerning the contents of the vehicle. Indeed, the written inventory policy of the Springfield police department provides that "[w]henever a motor vehicle is ordered towed by a department member, that member shall assume the responsibility for inventorying and safeguarding the contents of the vehicle." Under the written policy, when it is the police who cause the compulsory towage of an impounded vehicle, the fact that the vehicle is to be towed to a location of the defendant's choice has no bearing on the propriety of the search. As written, the policy gives the officer no discretion whether there should be an inventory search. Thus, this case does not present any question "of police discretion that . . . we have said must be constrained by written regulations guiding police conduct." *Caceres, supra* at 752.

2. *Required finding of not guilty.* The defendant claims that

---

[5]The defendant said that he requested, and that the officer agreed, to have the vehicle towed to the defendant's home rather than to the city-contracted tow company's lot. Although the officer testified that he did not believe he had such a conversation with the defendant, we shall assume for present purposes that the conversation did indeed take place.

[6]The purposes of the written inventory policy of the Springfield police department are: "1. [To d]etermine whether there is any personal property in the vehicle that needs to be protected from loss or damage. 2. To protect the department and its personnel from claims of a failure to protect such property. 3. To protect the department and its personnel from false claims of loss of property that was never in the vehicle. 4. To protect department personnel and the public against injury from dangerous substances or items that may be in the vehicle."

the judge erred in denying his motion for a required finding of not guilty because there was insufficient evidence to link the defendant to the drugs found in the vehicle. In reviewing the denial of a motion for a required finding of not guilty, we look at the Commonwealth's evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Salemme*, 395 Mass. 594, 595 (1985). To sustain its burden of proof, the Commonwealth had to prove that the defendant either actually possessed or constructively possessed the cocaine. Because the evidence does not suggest actual possession, the Commonwealth had to prove constructive possession. Specifically, the Commonwealth needed evidence of "knowledge coupled with the ability and intention to exercise dominion and control." *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 563, 567 (1980).

The discovery of contraband in the same vehicle with the defendant, without more, is insufficient to support a determination of possession. *Garcia, supra* at 686-687, citing *Commonwealth* v. *Brown*, 401 Mass. 745, 747 (1988). Presence in the same vehicle supplemented by other incriminating evidence, however, may suffice to establish the requisite knowledge. *Garcia, supra* at 687. Knowledge may be inferred when the contraband is found in plain view in an area over which the defendant has control. See *Commonwealth* v. *Albano*, 373 Mass. 132, 135 (1977); *Commonwealth* v. *Gray*, 5 Mass. App. Ct. 296, 298 (1977). See *Commonwealth* v. *Lantigua*, 38 Mass. App. Ct. 526, 530 (1995); *Commonwealth* v. *Perez*, 27 Mass. App. Ct. 550, 553 (1989).

When viewed in the light most favorable to the Commonwealth, we conclude that the evidence presented in this case is sufficient to warrant submission of the case to the jury. The Commonwealth's evidence was that the defendant was alone, driving an unregistered vehicle, and the cocaine was plainly visible on the floor in front of the driver's seat, an area where the defendant had easy access and control. In these circumstances, the defendant's knowledge of and control over the cocaine may be inferred reasonably. Accordingly, the trial judge correctly denied the defendant's motion for a required finding of not guilty.

*Judgment affirmed.*