LYNCH, Chief Judge,
concurring.
The question presented in this case is whether the police could impound Sanchez’s motorcycle without a warrant after learning that the motorcycle violated several Massachusetts laws, could not lawfully be driven, and likely would be left unattended for days because of Sanchez’s arrest. Sanchez concedes that if the impoundment was lawful, the subsequent inventory search was also lawful. The parties and the district court understood this case to turn on the community-caretaker exception to the Fourth Amendment’s prohibition on warrantless searches. Because that theory justified the seizure, I would affirm on that basis.
Courts have regularly upheld warrant-less vehicle impoundments when police are acting not as investigators but as community caretakers, responsible for protecting public safety and preventing hazards by removing vehicles that impede traffic, risk vandalism, or create inconvenience. See South Dakota v. Opperman, 428 U.S. 364, 368-69, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); United States v. Coccia, 446 F.3d 233, 237-39 (1st Cir.2006); United States v. Ramos-Morales, 981 F.2d 625, 626 (1st Cir.1992). Courts sustain these impoundments as long as the police acted reasonably under the circumstances, for instance because state laws or standard police procedures authorized the impoundment for noninvestigatory reasons. See Coccia, 446 F.3d at 238-39; United States v. Rodriguez-Morales, 929 F.2d 780, 785 (1st Cir.1991).
Sanchez claims the community-caretaker exception does not apply because neither state law nor local police procedures provided adequate standards justifying impoundment on these facts. Further, he argues, the police did not need to remove *8 his motorcycle to protect public safety or prevent vandalism because the motorcycle was in a private lot and Sanchez could have arranged to have it moved himself. Both arguments plainly fail.
Before the seizure, the police had learned, through a computer check of the license plate, that Sanchez was driving an uninsured motorcycle to which the affixed licensed plates did not belong and that his motorcycle failed to display an appropriate license plate and registration number. It was likely, and indeed Sanchez concedes, that he unlawfully attached a different plate to his motorcycle “with intent to conceal the identity” of the vehicle, a violation of Massachusetts General Law ch. 90, § 23. Massachusetts also prohibits driving an uninsured or improperly registered vehicle on the roadway. Id. § 9; id. § 34J.
Massachusetts law sets clear, specific criteria authorizing impoundment under these circumstances. Because police cannot permit people to continue to operate unlawful and potentially dangerous uninsured, unregistered vehicles with attached plates belonging to another vehicle on the roads, police presumptively can impound the vehicles. See Commonwealth v. Daley, 423 Mass. 747, 672 N.E.2d 101, 103 (1996); Commonwealth v. Horton, 63 Mass.App.Ct. 571, 827 N.E.2d 1257, 1263 n. 4 (2005). Relying on state law, local police regularly impound vehicles under those circumstances. The officers in this case consulted their superior, who approved the seizure, confirming that Sanchez’s motorcycle fell into this category. Their decision to impound his vehicle was a reasonable choice. These facts alone would meet the community-caretaker exception.
Further facts only reinforce the reasonableness of the officers’ impoundment decision. The fact that Sanchez’s motorcycle was parked in a private lot, not blocking traffic on a public road or parked in the middle of a high-crime area, does not show that its impoundment had nothing to do with protecting public safety, preventing vandalism, or promoting public convenience. See Ramos-Morales, 981 F.2d at 626-27. Sanchez parked his motorcycle in a restaurant lot intended only for short-term diners. The officers knew that neither Sanchez nor anyone else could lawfully drive the vehicle without a proper license plate and registration and that state law prohibited Sanchez from having the motorcycle towed himself. Mass. Gen. Laws ch. 90, § 9. Sanchez was under arrest; given his criminal history, the officers knew he would not likely be released soon and the motorcycle would be left unattended in the meantime. On these facts, the police reasonably acted as community caretakers when impounding the motorcycle. I agree that the proper outcome is an affirmance.