In February of 2014, the defendant was charged by complaint in District Court with improper storage of a firearm, use of a firearm in a felony, unlawful possession of a firearm, possession of a class D controlled substance with intent to distribute, operating an unregistered vehicle, and possession of a class B controlled substance with intent to distribute. After an evidentiary hearing, the judge denied the defendant's motion to suppress. The defendant moved for reconsideration and, upon reconsideration, the judge allowed the motion to suppress. The Commonwealth appeals, and we reverse the order allowing the motion to suppress.
In his initial decision on the motion to suppress (entered March 9, 2015), the judge held that Trooper Martinez lawfully stopped the defendant because his truck was unregistered. As a result, pursuant to the written State police policy (General Order TRF-09), the truck had to be towed. As the judge found, pursuant to that policy, the trooper was required to ask the defendant if he had a preferred tow company. The trooper failed to make this inquiry. Because the truck was going to be towed, the judge also held that the written State police policy (General Order TRF-10) mandated that the truck be inventoried. Finally, in his initial order, the judge determined that the trooper's failure to ask the defendant if he had a preference for a tow company was not fatal because the truck was going to be towed and inventoried regardless of whether it was by a company the defendant preferred or by a company chosen by the State police.
Upon reconsideration, the judge determined in an order entered October 19, 2015, that Trooper Martinez could not have inventoried the truck under the policy if it had been removed by the defendant's preferred tow company because it would have been "[r]emoved by a third party"[2] and therefore would fall within an exception to the inventory policy. Thus, he ordered the evidence suppressed. The Commonwealth claims this revised order was error. We agree.
Under both art. 14 of the Massachusetts Declaration of Rights and the Fourth Amendment to the United States Constitution, we must determine whether the Commonwealth carried the burden in an inventory search based on two factors: (1) whether the vehicle was lawfully impounded; and (2) whether the conduct and the scope of the inventory search were permissible. See Commonwealth v. Eddington, 459 Mass. 102, 108 (2011). The defendant does not dispute that the trooper had the authority to stop the defendant's vehicle due to the expired registration. Thus, only the second factor is at issue.
The judge's determination that the failure to ask the defendant if he had a preferred towing company requires suppression is at odds with our decision in Commonwealth v. Baptiste, 65 Mass. App. Ct. 511, 518 (2006). In that case, we held that the trooper's failure to comply with the written policy (General Order TR-09) that required the defendant to be asked if he had a preferred towing company did not require suppression of evidence. We concluded that, "even had the defendant been advised that he could select a towing company and had exercised that choice, an inventory search would have nonetheless been conducted pursuant to the mandate" of General Order TRF-10 that an inventory shall be made whenever a vehicle is ordered towed. Ibid.[3] In other words, the phrase "[r]emoved by a third party" does not include the circumstance when the defendant's preferred tow company is utilized.
Contrary to the defendant's claim, Baptiste is not distinguishable because Baptiste was arrested. Indeed, the fact that the defendant was not arrested at the time Trooper Martinez ordered the truck towed does not materially distinguish this case from our interpretation of the same policies in Baptiste. The contested language regarding the defendant's opportunity to utilize a tow company of his choice is the same,[4] and in both cases, the defendant could not operate the motor vehicle and a tow was necessary. See Commonwealth v. Daley, 423 Mass. 747, 751 (1996).
Finally, we note that the judge's revised order conflicts with the purpose of inventory searches. In Commonwealth v. Garcia, 409 Mass. 675, 682 (1991), the Supreme Judicial Court recognized three separate interests that are protected by inventory searches: "the protection of the vehicle and its contents; the protection of the police and the tow company from false charges; and the protection of the public from dangerous items which might be in the vehicle." These interests apply to inventory searches without regard to which company ultimately tows the car. Id. at 682-683. See Commonwealth v. Daley, supra. It was error to allow the motion to suppress.
Order entered October 19, 2015, allowing motion to suppress reversed.

In his initial order, the judge interpreted the phrase "[r]emoved by a third party" to "refer[ ] to a situation where a licensed third party drives a valid motor vehicle away from a location where the original operator can no longer operate it."

Contrary to the judge's revised order, the inventory policy, unlike the tow policy, does not use the words "tow" and "remove" interchangeably ("The Department shall inventory any vehicle ordered towed, removed, or impounded").

Although the tow and the inventory policies have been amended since 2006, those changes do not affect the particular language at issue.